NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0286n.06
Filed: April 15, 2005

No. 04-3325

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

BATAVIA NURSING AND CONVALESCENT
CENTER,

     Petitioner,

v.

TOMMY THOMPSON, SECRETARY, UNITED
STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES; UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

     Respondents.

ON APPEAL FROM THE
DEPARTMENT OF HEALTH AND
HUMAN SERVICES

_____/

Before:     MARTIN, COOK, and LAY[*], Circuit Judges.

PER CURIAM. Batavia Nursing & Convalescent Center is a nursing home facility that was assessed a civil monetary penalty by the Centers for Medicare and Medicaid Services, which is the federal agency within the Department of Health and Human Services charged with enforcing Medicare/Medicaid participation standards. Batavia appealed the penalty to the Department of Health and Human Services. Both an administrative law judge and the Departmental Appeals Board affirmed the penalty. Batavia now appeals that decision to this Court. For the following reasons, we **AFFIRM**.

---

[*]The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Batavia Nursing & Convalescent Center participates in the Medicare and Medicaid programs. Federal law requires such facilities to submit to periodic inspections, called "surveys," to ensure that they are in substantial compliance with all federal requirements for skilled nursing facilities. These surveys are generally conducted by state departments of health on behalf of the Centers for Medicare and Medicaid Services. Violations of these standards, commonly referred to as "deficiencies," are assigned scope and severity levels that range from A (the least severe) to L (the most severe).

From August 2-6, 1999, the Ohio Department of Health, on behalf of the Centers for Medicare and Medicaid Services, conducted a survey of Batavia. During this survey, surveyors found Batavia out of compliance with fourteen different federal regulations. The most serious were four G-level offenses: (1) failure to notify a resident's physician when there is a significant change in the resident's status, in violation of 42 C.F.R. § 483.10(b)(11); (2) failure to provide the resident the necessary level of care sufficient "to attain or maintain the highest practicable physical, mental and psychological well-being, in accordance with the comprehensive assessment and plan of care," in violation of 42 C.F.R. § 483.25; (3) failure to prevent the development of pressure sores, in violation of 42 C.F.R. § 483.25(c); and (4) failure to provide adequate supervision and assistance devices to prevent accidents, in violation of 42 C.F.R. § 483.25(h)(2). Batavia was also cited for nine D-level deficiencies and one E-level offense.

On September 28-29, 1999, a revisit survey found Batavia out of compliance with four requirements. Again, the most serious of these was a G-level violation of 42 C.F.R. § 483.25(h)(2), which was previously cited during the August survey. Batavia was also cited for three D-level

deficiencies during this revisit survey. As a result of these violations, the Centers for Medicare and Medicaid Services imposed a $600 per day penalty for the fifty-six-day period from August 6 through September 30, 1999, amounting to a total penalty of $33,600.

On December 23, 1999, Batavia timely appealed all of the deficiency findings noted above. An administrative hearing was held before an administrative law judge on January 15-17, 2002. The judge upheld the findings of the Ohio Department of Health and the determination to impose the monetary penalty. Batavia appealed that decision to the Departmental Appeals Board, which affirmed the administrative law judge's decision. On March 12, 2004, Batavia appealed that decision to this Court, claiming that it was in substantial compliance with all applicable nursing home standards, that the administrative law judge had erred by applying the wrong burden of proof, and that the board had failed to hold that Batavia prevailed on the non-G-level offenses not considered by the administrative law judge.

Batavia first claims that the administrative law judge used the wrong standard in requiring Batavia to prove compliance by a preponderance of the evidence pursuant to the Departmental Appeals Board's decision in *Hillman Rehabilitation Center*, D.A.B. NO. 1611, 1997 WL 123708, *aff'd*, *Hillman Rehabilitation Center v. United States*, No. 983789 (D. N.J. May 13, 1999). According to Batavia, the *Hillman* rule violates section 7(c) of the Administrative Procedure Act, which generally places the burden of proof on the "proponent of a rule or order." 5 U.S.C. 556(d). We do not address Batavia's argument on this issue because, as we note below, the evidence is clearly not in equipoise in the present case. *See Sea Island Comprehensive Healthcare Corp. v. United States Dep't of Health & Human Services*, 79 Fed. Appx. 563, 565-66 (4th Cir. 2003)

(unpublished) (declining to consider argument that the *Hillman* rule violated section 7(c) of the Administrative Procedure Act "because there [was] substantial evidence to support the finding that [the facility] was out of compliance"); *Fairfax Nursing Home, Inc. v. United States Dep't of Health & Human Services*, 300 F.3d 835, 840 n.4 (7th Cir. 2002) (same). Because of the substantial evidence in this case supporting the findings below, we decline to consider whether the *Hillman* rule violates the Administrative Procedure Act.[1]

Batavia next claims that the appeals board erred in finding that Batavia did not prevail on the non-G-level deficiencies involved in this case. The administrative law judge declined to make specific findings on the non-G-level deficiencies because it found that the G-level deficiencies alone were sufficient to uphold the penalty imposed. According to Batavia, the appeals board erred in finding that Batavia did not prevail on these non-G-level deficiencies. We disagree. The administrative law judge's failure to address the non-G-level deficiencies certainly does not amount to findings in favor of Batavia on these deficiencies. Thus, we reject Batavia's argument on this issue.

Batavia also challenges the finding that it was not in substantial compliance with federal regulations. This Court reviews decisions to impose a civil monetary penalty to determine whether the findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. 1320a-7a(e). "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept

---

[1]Batavia also claims that the *Hillman* rule is a substantive rule that was never promulgated under the Administrative Procedure Act's notice and comment procedures. For the reasons stated above, we decline to consider this aspect of *Hillman* as well.

as adequate to support a conclusion." *Myers v. Sec'y of Health & Human Servs.*, 893 F.2d 840, 842

(6th Cir. 1990) (internal quotation omitted). We have undertaken a thorough review of the record

in this case and we conclude that the record clearly supports the finding that Batavia was not in

substantial compliance with federal regulations during the relevant time period. The decisions by

the administrative law judge and the Departmental Appeals Board consider the deficiencies in great

detail, and Batavia offers no evidence sufficient, in our view, to undermine those findings.

Finally, Batavia questions the reasonableness of the $33,600 penalty imposed on it for the

violations in this case. After considering the record, including the nature of the underlying

violations, we are unable to conclude that the penalty imposed was unreasonable.

Thus, for the foregoing reasons, we **AFFIRM** the Board's decision on all grounds.